# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROL KERKHOF, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:19-cv-01502-PX |
| JOHNSON & JOHNSON, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Carol and Stuart Kerkhof's Emergency Motion to Remand. ECF No. 15. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS the Kerkhofs' motion.

**I. Background**

In November 2014, Plaintiff Carol Kerkhof ("Mrs. Kerkhof") was diagnosed with malignant mesothelioma, a terminal cancer associated with asbestos exposure. ECF No. 15-1 at 9. On November 1, 2017, Mrs. Kerkhof and her husband, Stuart Kerkhof, filed suit in the Circuit Court for Montgomery County against a number of defendants, including Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J"). *Id.*; *see also* ECF No. 2. Plaintiffs allege "that J&J sold talcum powder products containing asbestos and that Mrs. Kerkhof's regular use of and exposure to J&J's Baby Powder caused her to develop mesothelioma." ECF No. 15-1 at 9.

Plaintiffs also named Imerys Talc America, Inc., one of J&J's talc suppliers, as a defendant in the state court action, but the Circuit Court dismissed Imerys for lack of personal jurisdiction on April 19, 2018. *Id.* at 9–10. The Circuit Court also granted summary judgment in favor of all other defendants except J&J. *Id.* at 10. In January 2019, the Circuit Court set the

case in for a two-week trial against J&J to begin on September 24, 2019. *Id.*

After having been dismissed from this lawsuit, Imerys Talc America, Inc. and two affiliates (collectively, "Debtors") filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. ECF No. 1 ¶ 1. Based on the Debtors' bankruptcy action, J&J has sought removal for over one thousand state court cases. *See* ECF No 1; ECF No. 1-13 at 5–298 (listing state court talc claims removed to federal courts). J&J's principle contention for the propriety of removal is that because "Debtors have historically been the exclusive supplier of cosmetic talc to J&J," the cases are properly removed as proceedings "related to the Debtors' bankruptcy." ECF No. 1 ¶ 8. On April 18, 2019, J&J also moved to transfer venue for these cases to the United States District Court for the District of Delaware so as to "centralize" in the District of Delaware pursuant to 28 U.S.C. § 157(b)(5). *Id.* ¶¶ 7–10.

Pertinent to this action, J&J noted removal on April 19, 2019, pursuant to 28 U.S.C. §§ 1334 and 1452, invoking the Debtors' bankruptcy petition as grounds.[1] *See* ECF No. 1 at 1. In its Notice of Removal, J&J also urges the Court "to defer ruling on any motions, including any motions seeking abstention or remand" so that the District of Delaware may first rule on the pending venue motions. *Id.* ¶ 11.

On May 6, 2019, Plaintiffs moved for remand. *See* ECF No. 15. Because trial is fast approaching, the Kerkhofs understandably ask for expedited consideration of the remand motion.[2] *Id.* ¶ 3. Plaintiffs assert remand is proper on a number of grounds, including that Defendants' Notice of Removal was untimely, that the Court lacks subject matter jurisdiction

---

[1] This action was initially removed to the United States Bankruptcy Court for the District of Maryland and was later docketed in this Court on May 20, 2019. *See* ECF No. 1.
[2] Notably, J&J represented to the District of Delaware in its Motion to Fix Venue that it would be excluding any state court talc case "in which a trial is ongoing or scheduled to begin forthwith." ECF No. 1-13 at 312 n.4. In this Court's view, J&J failed to honor its representation.

2

over this action, and equitable grounds weigh in favor of remand. *Id.* ¶ 4–7.

## II. Standard of Review

As courts of limited jurisdiction, a federal court "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). When removal is challenged, the defendant as the removing party bears the burden of "demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal courts construe removal statutes strictly and resolve all doubts in favor of remand. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

## III. Discussion

J&J removed this action pursuant to 28 U.S.C. §§ 1334 and 1452, arguing that the Court has original jurisdiction over Plaintiffs' state law action by virtue of Debtors' bankruptcy proceeding. *See* ECF No. 1 ¶¶ 16–17. 28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending" if that district court has jurisdiction under 28 U.S.C. § 1334. Section 1334, in turn, governs bankruptcy jurisdiction and vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Accordingly, parties may remove to federal court a state court action that is "related to" a Chapter 11 bankruptcy.

### A. J&J's Motion to Stay Decision on Remand

Before reaching the Kerkhofs' grounds for remand, the Court first addresses J&J's

3

request to stay this matter until the District of Delaware rules on the Motion to Fix Venue. ECF No. 18-2 at 14–17. J&J relies on 28 U.S.C. § 157(b)(5), which provides "that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." *Id.* at 14–15. Critical to this Court's decision, however, is that the provision on which J&J relies "is not jurisdictional." *Stern v. Marshall*, 564 U.S. 462, 479 (2011). This means that although the District of Delaware is conferred authority to determine venue, no impediment exists to this Court deciding the more fundamental question presented—the propriety of removal in the first instance. The Court will not delay that decision.

### B. Timeliness of Removal

Plaintiffs first argue that J&J's removal is untimely pursuant to 28 U.S.C. § 1446(b), which allows parties to note removal within 30 days after the moving party receives a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As Debtors filed their bankruptcy petition on February 13, 2019, Plaintiffs assert that J&J was required to file a Notice of Removal within 30 days of that date. ECF No. 15-1 at 15–16. J&J noted its removal on April 19, 2019, over 60 days after the bankruptcy filing.

J&J responds that 28 U.S.C. § 1446(b), the statutory provision covering the timing of removal generally, does not apply in this case. ECF No. 18-2 at 18. Rather, J&J avers that Federal Rule of Bankruptcy Procedure 9027 controls removals under Section 1452. *Id.* at 17. Bankruptcy Rule 9027 allows removal within "90 days after the order for relief" in the related Chapter 11 case. Fed. R. Bankr. P. 9027(a)(2).

4

Although courts to reach this question are split as to the applicable deadlines, a "majority" of courts appear to have held that the "time limits stated in Bankruptcy Rule 9027 should control with regard to Section 1452." *GSL of ILL, LLC v. Pitt Penn Oil Co., LLC*, No. 09-0571, 2009 WL 1691815, at *2 (W.D. Pa. June 17, 2009); *see also Martin v. Chrysler Grp., LLC*, No. 12-00060, 2013 WL 5308245, at *3 (W.D. Va. Sept. 20, 2013) (applying Rule 9027 to action removed under 28 U.S.C. § 1452). Because the Court grants remand on other grounds as discussed below, it assumes without deciding that the Notice of Removal is timely.[3]

### C. "Related To" Jurisdiction

Plaintiffs next assert that the Court lacks subject matter jurisdiction over this case, as the state law action is not "related to" the Debtors' bankruptcy case within the meaning of 28 U.S.C. § 1334(b). ECF No. 15-1 at 18. J&J responds that the Court possesses "related to" jurisdiction based on indemnification agreements and shared insurance between J&J and the Debtors, as well as an "identity of interest" making the Debtors the "proper party of interest because they are the sole supplier of the talc at issue." ECF No. 18-2 at 9–10. The Court agrees with Plaintiffs and finds the connection between the Debtors bankruptcy and this state law action, to which the Debtors are no longer a party, not sufficiently related to justify removal.

In determining the existence of "related to" jurisdiction, the United States Court of Appeals for the Fourth Circuit has followed the Third Circuit's test for determining when bankruptcy and removed cases are sufficiently related. *In re Celotex Corp.*, 124 F.3d 619, 625–26 (4th Cir. 1997) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986)). Under this approach, this Court must determine "whether the outcome of [the current] proceeding could conceivably have any effect on the estate being administered in bankruptcy."

---

[3] The United States Court of Appeals for the Fourth Circuit has not yet decided this issue.

*In re Celotex Corp.*, 124 F.3d at 626 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Thus, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*

Although indemnification agreements and shared insurance may sometimes give rise to "related to" jurisdiction, this is not always the case. Where such agreements do not automatically create liability, then related-to jurisdiction is not implicated. *Pacor*, 743 F.2d at 995; *see also In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d Cir. 2009) (finding no "related to" jurisdiction where "an entirely separate action would be necessary for any liability incurred by [defendant] to have an impact on [debtor's] estate"). Claims that serve as "mere precursor to the potential third party claim" do not confer "related to" jurisdiction. *Pacor*, 743 F.2d at 995.

J&J points to several agreements between itself and Debtors' predecessors as grounds for the Court to find "related to" jurisdiction. *See* ECF No. 1-13 at 314–17. The Court cannot determine whether indemnification or shared insurance proceeds are necessarily triggered in this case. Indeed, without even a finding of liability on the underlying matter, the Court views any potential for indemnification far too speculative and hypothetical to justify the outcome that J&J seeks.

In this respect, and contrary to J&J's contentions (ECF No. 18-2 at 10 n.5), *A.H. Robins Co, Inc.. v. Piccinin* does not compel a different result. 788 F.2d 994. There, the Fourth Circuit allowed the stay of claims against non-bankrupt co-defendants. But the Court clarified that such relief was only available in "unusual circumstances," where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding

6

against the debtor." *Id.* at 999. Such an identity of relationship is missing here.

J&J solely argues that because Debtors were the exclusive suppliers of the talc, J&J has demonstrated a sufficiently strong relationship to confer "related to" jurisdiction. ECF No. 18-2 at 10. The Court disagrees. Debtors are no longer parties to this action, and yet the Montgomery County Circuit Court found that trial against J&J can and will proceed. Furthermore, the Kerkhofs have brought independent claims against J&J, including J&J's alleged failure to warn and negligence in testing, manufacturing, and marketing the talcum powder products which allegedly caused Mrs. Kerkhof's mesothelioma. *See* ECF No. 2 ¶ 56. Most, if not all, of these claims do not implicate the Debtors or depend on Debtor liability. On this record, J&J has not convinced this Court that it meets the requirements of *AH Robins*. Remand is therefore warranted.

### D. Remand on Equitable Grounds

Alternatively, even if J&J could establish "related to" jurisdiction, the Court deems remand appropriate on equitable grounds pursuant to 28 U.S.C. § 1452(b). Section 1452(b) confers on this Court discretion to remand "on any equitable ground." 28 U.S.C. § 1452(b). In determining the propriety of equitable remand, courts in this District have considered a variety of factors, including:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*In re Railworks Corp.*, 345 B.R. 529, 540–41 (Bankr. D. Md. 2006) (citing *In re Merry–Go–Round Enterprises, Inc.*, 222 B.R. 254, 257 (D. Md. 1998)).

The equities here weigh heavily in favor of remand. The Kerkhofs brought claims

7

against J&J in a Maryland court, asserting state law claims which the parties have litigated for over 18 months in that forum. J&J's notice of removal comes in the final months, if not weeks, before trial is to begin. The Kerkhofs, moreover, wish to try this case expeditiously because Mrs. Kerkhof's cancer is terminal. It is understandable, and important to this Court's consideration, that Mrs. Kerkhof maintain her trial date so that she may see this matter to the end, if her health permits.

Balanced against the Kerkhofs' significant sacrifices to maintain the current trial date, is J&J's attempt to delay and derail a trial on the merits based on Debtors' bankruptcy. This move is especially troubling when the Court is not at all convinced that a finding against J&J will interfere with the routine administration of the bankruptcy case. *See Power Plant Entm't Casino Resort Ind., LLC v. Mangano*, 484 B.R. 290, 299 (Bankr. D. Md. 2012) ("[I]t is not uncommon for a claim to be liquidated in state court and for indemnification rights, if any, to be dealt with in the context of the bankruptcy case."). Any theoretical benefit to Debtors, J&J, or others in having this case tried in Delaware is far outweighed by the Plaintiffs' tangible need to have their trial proceed *as scheduled* in state court.

### IV. Conclusion

Based on the foregoing, it is this 3rd day of June, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' Motion for Remand (ECF No. 15) BE, and the same hereby IS, GRANTED;

2. This case BE, and the same hereby IS, REMANDED to the Circuit Court for Montgomery County;

3. Copies of this Memorandum Opinion and Order shall be transmitted to the parties and the Clerk of the Court for the Circuit Court for Montgomery County, Maryland, and the Clerk of Court shall transmit the record herein to the Clerk of the Circuit Court for Montgomery County, Maryland; and

4. The Clerk shall CLOSE this case.


\_\_6/3/2019_____ _____/S/_____
Date                                                                    Paula Xinis
                                                                        United States District Judge